# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ, et al., | Case No. 1:13-cv-00519-AWI-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' REQUEST FOR REMAND AND REQUEST FOR ATTORNEY FEES |
| v. | |
| THE NEIL JONES FOOD COMPANY, et al., | (ECF Nos. 8, 12, 13, 14, 15, 22, 23, 24, 25) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Luis Valdez and Carolina Martinez filed this employment action on behalf of themselves and all others similar situated in the Superior Court of the State of California for the County of Fresno on January 11, 2013, alleging violations of California law. (Compl. 9-33,[1] ECF No. 1.) Generally, Plaintiffs contend that Defendants failed to provide meal periods, failed to provide rest periods, failed to pay overtime, failed to pay compensation required for employees to work split shifts, failed to pay employees for all hours worked, failed to pay wages at the time of termination, failed to provide accurate wage statements, and engaged in unfair business practices.

Defendant The Neil Jones Food Company ("Defendant Jones") removed this action to the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Eastern District of California on April 9, 2013, under 28 U.S.C. §§ 1332, 1441, and 1446 contending that diversity jurisdiction exists in this action.  (Notice of Removal 1-2, ECF No. 1.)  On May 9, 2013, Plaintiffs filed a motion to remand and request for attorney fees.  (ECF No. 8.)  Defendant Jones filed an opposition and declarations on May 29, 2013.  (ECF Nos. 12-14.)  On June 5, 2013, Plaintiffs filed a reply.  (ECF No. 15.)

A hearing on Plaintiffs' motion was held on June 12, 2013.  Counsel Dennis Wilson appeared for Plaintiffs and Counsel Andrea Bednarova appeared for Defendant.  Following the hearing, the Court allowed the parties to file further briefing and present additional evidence regarding the amount in controversy.  On July 24, 2013, Defendant filed a memorandum in opposition to the motion to remand and a declaration and Plaintiff filed a declaration.  (ECF Nos. 22-24.)  Plaintiff filed a reply on August 9, 2013.  (ECF No. 25.)

A second hearing was held on August 21, 2013.  Counsel Dennis Wilson again appeared for Plaintiffs and Counsel Michael Wilbur appeared for Defendant.  Having considered the moving, opposition, and reply papers, as well as the Court's file and the parties' arguments during the hearings, the Court issues the following findings and recommendations.

## II.

## LEGAL STANDARD

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  A notice of removal must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b), and in a case based upon diversity jurisdiction, the notice of removal must be filed within thirty days from which it was ascertained the case was removable, but not more than one year after the commencement of the action, 28 U.S.C. §§ 1446(b)(2)(C) and (c)(1).  In determining whether diversity of citizenship exists and the removal was proper, the court considers the pleadings filed at the time of removal.  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1085 n.5 (9th Cir. 2009).

District courts have original jurisdiction of all civil actions between citizens of different

States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In 2005, the Class Action Fairness Act ("CAFA") was enacted and section 1332 was amended to expand diversity jurisdiction over class actions. Yeroushalmi v. Blockbuster, Inc., No. CV 05-225-AHM (RCX), 2005 WL 2083008, at *1 (C.D. Cal. July 11, 2005). Under Section 1332, diversity jurisdiction exists for traditional class actions where there is complete diversity of citizenship and the amount in controversy for an individual plaintiff is at least $75,000, and in mass class actions where the aggregated monetary relief claims of 100 or more persons exceeds $5,000,000 and the parties satisfy minimal diversity. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680-81 (9th Cir. 2006) (citations omitted). For the purposes of establishing diversity of citizenship, a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Where a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. Abrego Abrego, 443 F.3d at 683. "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque, 582 F.3d at 1087. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

### III.
### DISCUSSION

Plaintiffs seek remand of this action contending that Defendant has improperly removed the matter on the basis of diversity jurisdiction and seek attorney fees and costs in the amount of $6,000. (Motion for Remand to Fresno County Superior Court Pursuant to 28 U.S.C. § 1332(d) 1-2, ECF No. 8.) Plaintiffs argue that diversity jurisdiction does not exist because the aggregated amount in controversy does not exceed the jurisdictional limit of $5,000,000 for this class action. (Id. at 2.) Defendant responds that this action was not removed under the CAFA and therefore, traditional diversity jurisdictional requirements apply. (Opposition to Motion to Remand 2, ECF No. 12.)

In their brief, Plaintiffs argue that a class action can only be brought in federal court under CAFA, however CAFA was enacted to expand the ability of class actions to be heard in federal court. West Virginia ex rel. McGraw v. Comcast Corp., 705 F.Supp.2d 441, 448 (E.D. Pa 2010). CAFA "provides an additional basis for federal diversity jurisdiction." Davies v. Godiva, No. CV 10-1015 AHM (SSx), 2010 WL 2766862, at *1 (C.D. Cal. April 16, 2010). While Plaintiffs contend that Defendant has not met the requirements of CAFA, this action was not removed under CAFA.[2] Accordingly, removal was proper if complete diversity exists and the amount in controversy for one of the plaintiffs exceeds the minimal jurisdictional amount of $75,000. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 549 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the stature setting forth the requirements for diversity jurisdiction").

**A.   Diversity of Citizenship**

Since the original basis of Plaintiffs' argument is that this action could not be removed under CAFA, which allows for minimal diversity, they did not address whether complete diversity of citizenship exists in this action. Defendant Neil Jones Food Company is a corporation organized under the laws of the state of Washington and maintains its principle place of business in Washington. Accordingly, Defendant Jones is a citizen of Washington State. Defendant argues that since they are the only defendant that has been properly named and served in this action, there is complete diversity. However, "[a] nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant." Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969). In determining whether complete diversity exists, the court is to look to the citizenship of the named parties and not to whether the

---

[2] At the August 21, 2013 hearing Plaintiff did not contest that this action could be removed under regular diversity jurisdiction.

4

party has been served. Clarence E. Morris, Inc., 412 F.2d at 1176.

Plaintiffs name Defendant Tom-Tek, Inc. and allege that Defendant Tom-Tek was formerly a Washington corporation and now operates out of Fresno County. Plaintiff believes that Tom-Tek is a subsidiary or business entity of Defendant Jones operating three processing plants in California. (ECF No. 1 at 11.) Defendants present the declaration of the Chief Financial Officer of Defendant Jones stating that Toma-Tek, Inc. has not operated as a separate legal entity since December 31, 2004. Defendant Toma-Tek, Inc. was a Washington corporation that merged into Northwest Packing Company, which simultaneously changed its name to The Neil Jones Food Company. Toma-Tek has been operated by Defendant Jones since January 1, 2005, before the claims at issue in this action arose. (McGovern Decl. ¶ 3.) In this instance, Defendant Jones has presented evidence that Toma-Tek has not existed as a separate entity since January 1, 2005. Accordingly, naming Toma-Tek as a defendant in this action will not destroy diversity.

Plaintiff's Valdez and Martinez are residents of California. (ECF No. 1 at 11). Since "[t]he complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time that the action was filed," Gibson v. Chrysler Corp., 261 F.3d 937, 931 n.2 (9th Cir. 2001), the diversity of citizenship requirement is met in this action.

### B.     Amount in Controversy

In their motion, Plaintiffs argue that Defendant has failed to establish that any class member would meet the jurisdictional requirement that the amount in controversy is in excess of $75,000. (ECF No. 8 at 8.) Defendant contends that the facts stated in the notice of removal and the evidence submitted in the opposition to the motion are sufficient to show that the jurisdictional requirement has been met. (ECF No. 12 at 2.)

In this circuit, where the amount of damages is not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Abrego Abrego, 443 F.3d at 679; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy is merely an estimate of the total amount in dispute; and the Ninth Circuit expressly contemplates that the district court will

consider some evidentiary record in determining the amount in controversy. <u>Lewis</u>, 627 F.3d at 400.

In the supplemental briefing, Defendant claims that Plaintiffs are seeking at least $25,000 on each of the eight causes of action alleged in the complaint and the motion should be granted on that basis alone. Defendant bases this argument on the fact that Plaintiffs incorporated by reference all paragraphs of the complaint and several paragraphs state that the damages are in excess of the jurisdiction of the state court. However, the Court is not persuaded by this argument and finds that it is not apparent on the face of the complaint that any individual Plaintiff is seeking more than $75,000 in damages.

Defendant Jones has submitted evidence that as of November 2011, Plaintiff Valdez was making $18.00 per hour working as a mechanic and Plaintiff Martinez' most recent pay rate was $14.48 per hour. (Strom Decl. ¶¶ 2, 3, ECF No. 14.) Plaintiff Martinez has worked for Defendant Jones from 2007 through the present. Occasionally, Plaintiff Martinez has been laid off and recalled when work became available. (<u>Id.</u> at ¶ 3.) Plaintiff Valdez was a full-time employee until November 2011, at which time he requested to be redesignated as a seasonal employee. (<u>Id.</u> at ¶ 2.) Plaintiffs held their positions for the relevant class period of time preceding the filing of this compliant. (ECF No. 1 at 14.) Plaintiffs' complaint alleges eight separate causes of action.

Plaintiff Valdez has submitted a declaration stating that he was employed by Defendant Jones from April 13, 2010 through October 2011. (Decl. of Luis Valdez ¶ 2, ECF No. 22.) Plaintiff states that his shifts all lasted over three and one half hours. His work shifts were normally ten hours per day during the week and eight to ten hours on Saturdays. Plaintiff states that he worked seven days per week. (<u>Id.</u> at ¶ 3.) While he worked for the company he was not provided with uninterrupted rest breaks or lunch breaks. (<u>Id.</u> at ¶ 4.)

At the August 21, 2013 hearing, Plaintiffs' counsel argued that Plaintiff Valdez' declaration does not state that Plaintiff Valdez actually worked seven days every week and the Court should determine damages based upon a five day workweek. However, the declaration is unequivocal in the statement that Plaintiff Valdez worked seven days per week. Accordingly, for

the purposes of this motion, damages will be estimated based upon Plaintiff Valdez working seven days per week as set forth in his declaration.

### 1.     First Cause of Action

Plaintiffs' first cause of action alleges that Defendant failed to provide meal periods in violation of California Labor Code section 226.7. (ECF No. 1 at 19-20.) Pursuant to the Labor Code, Plaintiffs are entitled to one hour per day for each day they did not receive a thirty minute meal period during an eight hour day and an additional hour for each day they did not receive a second meal break when working more than ten hours per day. (Id at 20.) Plaintiffs contend that meal breaks were usually never provided during their period of employment. (Id.)

Defendant calculates the damages at one hour per day for the first cause of action. Defendant contends that using this calculation for the four year period allowed by the statute brings Plaintiff' Valdez' damages to more than $37,000, and Plaintiff Martinez' damages to more than $30,000. However, neither Plaintiff was working continuously during the four year period of time prior to filing the complaint. Plaintiff Martinez was a seasonal worker and Defendant has presented no evidence as the number of weeks that she actually worked during this time period. Since there is no evidence before the Court as to the number of weeks that Plaintiff Martinez worked during the relevant time period, the Court is unable to determine the damages that she could be seeking in this action.

Similarly, Plaintiff Valdez was either terminated or became seasonal on November 1, 2011.[3] Since Plaintiff Valdez worked from April 13, 2010 through November 1, 2011, a total of 81 weeks, this is the time period the Court shall use to calculate his damages in this action. Under California law, an employee is entitled to a meal break if he works more than five hours. 8 Cal. Admin. Code § 1050(11). According to Plaintiff's declaration he worked eight to ten hours Monday through Saturday, and therefore would have been entitled to a meal break on each of these days. However, it appears that on Sundays he would have only worked three and one half hours and would not be entitled to a meal break. Plaintiff Valdez' damages for the first cause of

---

[3] Plaintiff Valdez alleges that he was terminated on October 28, 2011. Defendant claims that Plaintiff Valdez became a seasonal employee on November 1, 2011.

7

action would be $8,748.[4]

### 2. Second Cause of Action

Plaintiffs' second cause of action alleges that Defendant failed to provide rest breaks in violation of California Labor Code section 226.7. (ECF No. 1 at 21.) Pursuant to the Labor Code, Plaintiffs contend they are entitled to be paid one hour per day for each day they did not receive an uninterrupted ten minute rest period in the first eight hours worked and an additional hour per day for each day they did not receive an additional rest break when they worked over eight hours. Plaintiffs allege that Defendant failed to provide uninterrupted rest breaks during their period of employment. (ECF No. 1 at 21.)

Pursuant to the Labor Code, employees are entitled to be paid one hour per day for each day they did not receive an uninterrupted ten minute rest period for every four hours worked or major fraction thereof. 8 Cal. Admin. Code § 11050(12). However, an employee is not entitled to receive a rest period if he works less than three and one half hours. (Id.) California courts have held that an employee is entitled to recover one additional hour of pay for one or more missed meal breaks per day and a second hour of additional pay for one or more missed rests breaks per day. United Parcel Service v. Superior Court, 196 Cal.App.4th 57, 69 (2011).

Defendant calculates the damages at one hour per day for second cause of action. Plaintiff Valdez worked ten hours Monday through Friday, eight to ten hours on Saturday, and at least three and one half hours on Sunday. Plaintiff alleges that he did not receive any rest breaks and would be entitled to an additional one hour of pay for each day that rest breaks were not provided. defendant Valdez' damages for the second cause of action would be $10,206.[5]

### 3. Third Cause of Action

Plaintiffs' third cause of action alleges that Defendant failed to pay overtime in violation of California Labor Code section 1194. Plaintiffs state that they worked uncompensated overtime

---

[4] Plaintiff Valdez alleges that he was making $16. per hour at the time of his termination, however, Defendant has submitted evidence that Plaintiff was making $18. per hour as of November 2011. 6 days per week x $18 per hour x 1 hour x 81 weeks = $8,748. If these damages were calculated at $16 per hour, the total would be $7,776.

[5] 7 days per week x $18 per hour x 1 hour x 81 weeks = $10,206. If these damages were calculated at $16 per hour, the total would be $9,072.

hours in violation of California law.  (ECF No. 1 at 22.)  Plaintiffs contend they are entitled to be paid at one and one half times the agreed upon hourly rate for any hours over eight worked in a day or over forty in a work week, and double the regular agreed upon rate for hours worked in excess of twelve in a workday or hours in excess of eight on the seventh consecutive day of the workweek.  (Id. at 22-23.)  At the August 21, 2013 hearing, Defendant argued that, based upon the declaration submitted, Plaintiff Valdez' damages for uncompensated overtime would be at least $45,279.

According to Plaintiff Valdez' declaration he worked ten hours per day Monday through Friday, at least eight hours on Saturday, and at least three and one half hours on Sunday.  Based upon the declaration, Plaintiff Valdez worked at least sixty one and one half hours per week. [6] This would result in twenty one and one half hours of uncompensated over time each week for a total of $47,020.50.[7]

### 4. Fourth Cause of Action

Plaintiffs' fourth cause of action alleges failure to compensate employees required to work split shifts in violation of Labor Code section 226.7.  (ECF No. 1 at 23.)  Plaintiffs contend that when employees work a split shift they are required to be paid an additional one hour compensation for the split shift.  (Id. at 24.)  Defendant has not presented any evidence or argument that Defendant Valdez worked split shifts or that he would be entitled to any damages under this cause of action.  The Court finds no bases to determine damages for Plaintiff Valdez on Plaintiffs' claim of failure to compensate for working split shifts.

### 5. Fifth Cause of Action

Plaintiffs' fifth cause of action alleges failure to compensate for hours worked under Labor Code section 1198, et seq.  (ECF No. 1 at 24.)  Plaintiffs contend that Defendants did not compensate employees who continued to work after their shift officially ended and for walking to

---

[6] 50 hours for Monday through Friday, 8 hours for Saturday, and 3 1/2 hours for Sunday totals 61.5 hours per week.

[7] Plaintiff's overtime is calculated at 61.5 per week, as described above, - 40 hours = 21.5 hours of overtime per week.  Uncompensated overtime is calculated as 21.5 hours x $27 per hour ($18 x 1.5) x 81 weeks = $47,020.50.  If these damages were calculated at $24 per hour (based upon a base of $16), which is 1.5 times $16 per hour, the total would be $41,796.

1  and from the clocking out area.  (Id. at 25.)  Plaintiffs claim that the losses suffered for the failure
2  to compensate under the fifth cause of action are "in excess of the jurisdiction of [the Superior
3  Court]." (ECF No. 1 at 25.)  Plaintiffs damages for this cause of action are listed as nonpayment
4  of wages of all hours worked, reasonable attorney's fees, expenses and costs of suit.  (Id. at 26.)
5  Since this is an unlimited civil action, the damages alleged for the fifth cause of action would be
6  in excess of $25,000 for Plaintiff Valdez.  See Calif. Code of Civ. P. §§ 85-88.

7      However, the complaint states that these damages include nonpayment of wages for all
8  hours worked and some of these damages are duplicative of the other causes of action alleged.
9  Plaintiff would not be able to recover duplicative damages under this cause of action.  This cause
10 of action does include damages for time the employees continued to work after the end of their
11 shift, reasonable attorney fees, expenses and the costs of suit that are not covered in the additional
12 causes of action.

13     Defendant argues that Plaintiffs are also entitled to statutory attorney fees.  As discussed
14 below, Defendant has shown that Plaintiff's complaint, exclusive of this cause of action, seeks
15 $74,294.50.  For the purposes of deciding whether the amount in controversy meets the
16 jurisdictional requirement, the Court shall consider whether the attorney fees would cause the
17 damages to exceed $75,000.  In the supplemental memorandum, Defendant argues that attorney's
18 fees alone will exceed $75,000 in this action.  However, attorney fees in class action suits are not
19 awarded solely to the named plaintiffs and must be divided among all class members.  Gibson v.
20 Chrysler Corp., 261 F.3d 927, (942 (9th Cir. 2001).  Therefore, the attorney fees considered for
21 the purposes of establishing jurisdiction are only those that would be allocated to each Plaintiff.

22     Defendant has submitted a declaration of Mr. Wilbur setting forth the attorney fees that
23 could reasonably be incurred in this action.  (ECF No. 24.)  The parties argue whether the
24 attorney fees should be calculated up to the time of removal or through the resolution of the
25 action.

26     In his motion for attorney's fees, Plaintiff's counsel states that he receives $600 per hour
27 for matters such as that brought here.  (Decl. of Dennis P. Wilson ¶ 2, ECF No 8 at 12.)  Mr.
28 Wilbur submitted a declaration that based upon his experience in litigating these types of cases he

is reasonably certain that Plaintiff's counsel spent more than one hour preparing the complaint. (ECF No. 24 at ¶ 2.) The Court finds that considering the time spent in conferring with the clients, preparing and filing the complaint, and the proceedings that occurred in state court, it would reasonably be expected that the attorney fees for Plaintiff Valdez would exceed $800.[8] Therefore, the Court declines to decide the issue of whether attorney fees after the removal should be included, as it is clear that even up to the time of removal the attorney fees and costs in this action will exceed the amount necessary to meet the jurisdictional requirement.

### 6. Sixth Cause of Action

Plaintiffs' sixth cause of action alleges failure to pay wages at the time of termination in violation of Labor Code sections 201-203. Plaintiffs allege they are entitled to waiting time penalties. Plaintiff Valdez alleges that he was terminated on or about October 28, 2011, and was not paid all wages earned at the time of his termination. (ECF No. 1 at 26.) Plaintiff Valdez claims that he was not paid his wages for the full thirty days following his termination. Accordingly, he would be entitled to at least $4,320. in waiting time penalties.[9]

### 7. Seventh Cause of Action

Plaintiffs' seventh cause of action alleges failure to provide accurate wage statements in violation of California Labor Code section 226. Plaintiffs contend that they are entitled to $50 for the first violation, and $100 per pay period to a maximum of $4,000. Plaintiffs state that they did not receive accurate wage statements during the entire period of their employment. (ECF No. 1 at 27.) Plaintiff Valdez worked 81 weeks which would total $8,500.[10] Accordingly, it is reasonable to find that Plaintiff Valdez will be seeking the maximum penalty of $4,000 for this cause of action.

### 8. Eighth Cause of Action

Plaintiffs' eight cause of action alleges unfair business practices in violation of Business

---

[8] Since there are two named Plaintiffs in this action, the attorney fees attributable to Plaintiff Valdez for purposes of the motion would be half of those incurred.

[9] $18 per hour x 8 hours x 30 days = $4,320.

[10] $50 for first violation + ($100. x 80 weeks) = $8,500.

and Professions Code section 17200. (ECF No. 1 at 28.) Plaintiffs are seeking to recover all wages due, attorney fees, interest and waiting penalties, punitive and exemplary damages, disgorgement of profits and a permanent injunction. (Id. at 29-33.) Defendants do not present any evidence or argument as to what damages Plaintiffs would recover for the Eighth Cause of action.

9. Total Damages Sought

Based upon the above discussion, the damages being sought by Plaintiff Valdez in this action are:

```
First Cause of Action:            $8,748.00
Second Cause of Action:          $10,206.00
Third Cause of Action:           $47,020.50
Fourth Cause of Action:          undetermined
Sixth Cause of Action:            $4,320.00
Seventh Cause of Action:          $4,000.00
Eighth Cause of Action:          undetermined
```

The damages for Plaintiff Valdez, excluding the fifth cause of action, total $74,294.50.[11] The Court has found that the attorney fees and costs of this action up to the time of removal alone will be at least $800, and adding this to the damages for the remaining counts, the jurisdictional requirement in this action has been met. Accordingly, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that diversity jurisdiction exists and this action was appropriately removed from state court.

**C. Attorney Fees**

---

[11] At the August 21, 2012 hearing, Plaintiff argued that his wages were only $16.00 per hour and that Defendant has presented no evidence on when his pay rate changed. The parties have not presented any evidence on when Plaintiff Valdez' wages were increased to $18.00 per hour so the Court is unable to determine which rate would apply to the individual pay periods at issue here. If the Court were to use $16.00 per hour as Plaintiff Valdez' pay rate it would change the recovery for the first, second, and third cause of actions. Accordingly, Plaintiff's damages for the first cause of action would be at least $7,776; damages for the second cause of action would be at least $9,072; and damages for the third cause of action would be at least $41,796. This would result in total damages, excluding the fifth cause of action, of $66,964, a difference of approximately $8,000. Additionally, should the Court split the difference and use $17.00 per hour for the entire time at issue this would only result in a difference of approximately $4,000. However, the amount of attorney fees as to Plaintiff Valdez that would have accrued prior to the time of removal and any additional recovery that Plaintiff Valdez would recover under the fifth and eighth causes of action can reasonably be anticipated to exceed the approximately $4.000 to $8,000 difference in recovery. Accordingly, the Court finds that the jurisdictional requirement for the amount in controversy has been met. However, the Court believes that the $18 per hour time assessment is appropriate as the Court is looking to "damages" and this hourly rate appears to be undisputed as to when the Plaintiff left, keeping in mind that the range of employment period calculated is only 81 months (a little over a year and a half) of employment history with the Defendant..

Plaintiffs are seeking attorney fees associated with bringing this motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Whether to award attorney fees is left to the discretion of the district court. Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). Determining whether attorney fees should be awarded turns on the reasonableness of the removal. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1165 (9th Cir. 2008). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin, 546 U.S. at 136.

Because the Court finds that the removal of this action was appropriate based upon diversity jurisdiction, Plaintiffs' request for attorney fees should be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand, filed May 9, 2013, and Plaintiff's request for attorney fees be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 22, 2013**

UNITED STATES MAGISTRATE JUDGE