# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE NEIL JONES FOOD COMPANY, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00519-AWI-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(ECF Nos. 48, 51, 52, 53) |

On December 23, 2014, Plaintiffs Luis Valdez and Carolina Martinez, on behalf of themselves and others similarly situated (hereinafter collectively referred to as "Plaintiffs"), filed a second unopposed motion for preliminary approval of a class action settlement. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2015, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within fourteen days. On February 9, 2015, Plaintiffs and Defendant filed Objections to the Findings and Recommendations.

The parties object to the Magistrate Judge's suggestion that two potential class members had already found that the settlement was not adequate to compensate them for their injuries as

indicative that the settlement was not fair, reasonable, and adequate. This Court does not consider the fact that other class members have filed actions in evaluating whether the Findings and Recommendations are supported by the record.

The parties also both contend that they have raised sufficient common questions to satisfy Rule 23(a) and 23(b) commonality and predominance requirements. This Court – in agreement with the Magistrate Judge's recommendations – finds otherwise. The parties put forth a laundry list of questions that they contend show commonality in this case. Doc. 31 at ¶ 18. What is lacking in all of those questions is the probability that those questions would generate common answers apt to drive the resolution of the litigation. For instance, the question of "whether Defendants have failed to permit uninterrupted full meal and rest periods as required by California law, other applicable regulations, and/or Defendants' stated policies," could only generate common answers if the parties had shown some sort of uniform policy or practice. As the Magistrate Judge's findings and recommendations highlighted, the proof submitted to show that Defendant denied or failed to ensure rest and meal periods is a series of individual anecdotes providing situational variances from Defendant's stated policy that breaks be taken. Doc. 51 at 10; *see* Doc. 48-2 at 16-18 (describing that Mr.Valdez in several instances could not take a break because he was the only mechanic working that shift).

The Magistrate Judge in his previous order reasonably attributed that variation to, among other things, the overbreadth of putative class. Doc. 47 at 8-9. The parties have not narrowed the putative class description or framed subclasses. *Compare* Doc. 44-1 at 6 (seeking certification of a class described as "any and all persons who were employed by Neil Jones in an hourly position anywhere within the State of California at any time from January 11, 2009 through May 10, 2014") *with* Doc. 48-1 at 7 (seeking certification of a class "described as 'all persons who were employed by Neil Jones in an hourly position anywhere in the State of California at any time from January 11, 2009 through May 10, 2014'").[1] The parties have not established commonality.

---

[1] In a footnote describing Defendant's processing facilities – in Hollister and in Firebaugh – the parties indicate both that that "the company only employs hourly employees in California at *one* of these two … facilities," and also that "those are the only *two* places in California where [Defendant] employed hourly employees" during the relevant period. Doc. 48-1 at 8 n. 1

2

The Magistrate Judge's findings and recommendations identifies a legitimate concern regarding the fairness of the settlement agreement. He notes that the settlement agreement provides for seventy five percent of the undistributed funds to revert to Defendant and a realistic possibility that much of the net settlement fund would go unclaimed. Defendant has indicated his willingness "to revising the … Settlement to provide that unclaimed funds will be distributed to a cy pres beneficiary." Doc. 52 at 8. Either making such an amendment or providing for complete dispersal of the net settlement fund to the class members who submit valid claims would go far to remove an appearance of unfairness to the settlement class.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 26, 2015, is adopted in full;

2. Plaintiff's Motion for Certification of a Class and Preliminary Approval of the Class Settlement is denied; and

3. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 26, 2015                                          _____
                                                                  SENIOR DISTRICT JUDGE

---

(emphasis added). The operative complaint notes that workers at both facilities fall within the putative class. Doc. 31 at ¶ 11. It then goes on to note that Defendant employed at least 1250 employees at *three* different production facilities in California. Doc. 31 at ¶ 12. As a result, the scope of the parties' putative class definition is further obscured such that the Court cannot determine commonality within the putative class.