# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ, et al., | Case No. 1:13-cv-00519-AWI-SAB |
| Plaintiffs, | ORDER DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| v. | (ECF No. 63) |
| THE NEIL JONES FOOD COMPANY, et al., | |
| Defendants. | |

On December 3, 2015, this Court identified three concerns regarding the parties proposed settlement agreement: (1) the reversion, (2) the claims process, and (3) that the attorney fee request in this claims-made settlement is based on the maximum settlement amount. The Court permitted the parties to submit supplemental briefing to address those issues. Both parties filed supplemental briefing on December 17, 2015. For the following reasons, Plaintiff's motion for preliminary approval of class action settlement will be denied.

The settlement payout is structured such that payments will only be made to those who submit valid claims. If the sum of those claims is less than the net settlement amount, 25% of the net settlement will be distributed on a pro rata basis to the class members who submitted valid claims. The remainder of the net settlement fund will revert to Defendant to be used to fund a number of projects at Defendant's Firebaugh facility. Those projects include paving Defendant's employee parking lot, providing lighting for its employee parking lot, adding an additional building to its Firebaugh facility that would improve distribution of paychecks, installing an electronic message board at the Firebaugh facility, or installing kiosks with computer terminals in

1

the Firebaugh plant which would "give employees greater access to information including company policies[,] rules[,] … [and] benefits." Doc. 58-1 at 11. Defendant indicated its belief "that this use of unclaimed funds more directly benefits the members of the class than would distribution … in some other manner." While Defendant's present and future employees would certainly obtain some incidental benefit from this use of unclaimed funds, the primary benefit from all of the listed projects is unquestionably to Defendant. All of the projects proposed are permanent improvements to Defendant's facilities. Despite the parties attestations to the contrary, they have proposed a reversion in sheep's clothing.

Next, the Court invited the parties to explain the need for the claim form or submission of a W-4. Doc 64 at 3-4. As the Court noted, the claim form appears to serve no legitimate purpose; it does not solicit any information necessary to pay out the claims at issue. Instead, the claim form requests that the class member update his or her name, address, telephone number, or social security number of any of those items is incorrect. Similarly, the Court is unaware of any reason for any employer to *require* former employees to submit a W-4 form.[1] Such forms are generally only required at the outset of an employee's employment. Even where an employee submits no W-4 form, an employer must only withhold at the highest rate – the employer assumes that the employee has zero allowances and is single. *See* 26 C.F.R. § 31.3402(f)(2)-1 (a).

Neither party has directly addressed the need for a W-4 or the proposed claims process, both of which the Court previously identified as items of concern. Defendant simply responds that the claims process enables class members to "choose whether they want to participate in the settlement, opt-out of it, or object to it." Elimination of the requirement that class members submit a claim form and a W-4 form would not inhibit a class member from exercising any of those options. The class member could (1) elect to deposit or not to deposit his or her check, (2) submit a "request for exclusion form" provided with the notice packet, or (3) submit an objection to the settlement as described in the notice packet. The simple fact of the matter is that a claim

---

[1] The notice packet could contain a W-4 form and inform class members that withholding will be calculated using that employee's most recently submitted W-4 if the new form is not submitted to Defendant. In that way, Defendant would provide class members and opportunity to update withholding information without placing an unnecessary burden on the class.

1  form that seeks no information necessary to pay out a claim is a procedural hurdle designed to
2  lower the claims rate and increase the reversion. The parties have offered no other explanation.

3        Finally, class counsel has responded to the Court's concerns surrounding the attorney fee
4  award. First, class counsel notes that the fee award requested has been lowered from 33% to 28%.
5  The benchmark for this circuit is 25%. *In re Online DVD-Rental*, 779 F.3d 934, 949 (9th Cir.
6  2015). Although a lower attorney fee amount from a common fund certainly benefits the class,
7  agreeing to seek a lower fee award that still exceeds the benchmark is hardly an indication that
8  class counsel is not favoring its interests above those of the class. Next, class counsel contends
9  that reduction of fees based on the monetary award to the class is inappropriate in this instance
10 because the reversion to Defendant benefits the class. As noted above, the Court disagrees that the
11 reversion proposed by this agreement is meaningfully different from a typical reversion. The
12 Court will not consider the reversionary amount as a benefit to the class in determining the level
13 of success obtained by counsel. Lastly, class counsel's notation that the benefit to the class would
14 not have taken place but for counsel's contribution does not justify approving an agreement that
15 provides a relatively minor benefit to the class but proposes awarding counsel a fees award above
16 the benchmark.[2]

17       The parties' supplemental briefing has done nothing to quell the Court's concerns that the
18 agreement appears to be a product of the self-interest of the parties and their representatives to the
19 detriment of the class members. For that reason, this agreement falls outside of the range of
20 possible approval. Preliminary approval of this class settlement is DENIED.

21
22 IT IS SO ORDERED.

23 Dated:   December 24, 2015              _____
                                            SENIOR DISTRICT JUDGE
24
25
26

---

27 [2] The Court does not doubt that class counsel has expended a significant amount of time on this case. The Court's concern is that counsel is fully aware of the time that it spent and seeks to
28 recoup its losses at the expense of the class.

3