# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VALDEZ, et al., | Case No. 1:13-cv-00519-AWI-SAB |
| Plaintiffs, | ORDER REQUIRING SUPPLEMENTAL BRIEFING |
| v. | DEADLINE: AUGUST 5, 2016 |
| THE NEIL JONES FOOD COMPANY, et al., | |
| Defendants. | |

Currently before the Court is the parties' motion for final approval of a class action settlement to resolve this action. The Court has reviewed the motion and exhibits attached and finds it lacking in certain areas. For that reason, the Court shall order the parties to file supplemental briefing addressing the areas identified herein.

<u>Distribution of Funds for Subclass B:</u>

Defendant has agreed to establish a settlement fund of $850,000.00 in this matter. The funds available to subclass B are $200,000.00. While the amount of settlement appears to be within the range of reasonableness in this action, the Court has concerns regarding the manner in which the funds are being distributed to subclass B.

Each class member of subclass B will receive a payment based upon the number of years that the employee was laid off. The notice of settlement informed the members of Subclass B that they would be reimbursed a set amount which is determined by the number of years that the individual employee was laid off. There are 2,293 class members in subclass B. (Decl. of Ani

Shirinaian ¶ 15, ECF No. 82.) Based upon the agreed to reductions to the settlement fund, the net settlement fund available to this subclass is $125,948.25. (Id. at ¶¶ 16, 17.) The funds designated to this subclass are not sufficient to make the payments as set forth in the settlement agreement, so each payment was reduced by $41.54. Due to this reduction the class awards have been reduced as follows:

| Years Laid Off | Original Award | Reduced Award | Reduction |
|---|---|---|---|
| 1 | $50.00 | $8.46 | 83.08% |
| 2 | $75.00 | $33.46 | 55.39% |
| 3 | $100.00 | $58.46 | 41.54% |
| 4 | $125.00 | $83.46 | 33.23% |
| 5 | $150.00 | $108.46 | 27.69% |
| 6 | $175.00 | $133.46 | 23.74% |

Plaintiffs have not set forth any reasoning for why an individual who worked 1 year has had their award reduced 83.08 percent; while an individual who worked 6 years has only had their award reduced 23.74 percent. The parties did not address whether they considered reducing each award by a set percentage to achieve an equitable adjustment to each category and still remain within the funding available.

While the parties may be able to set forth valid reasons for finding the proposed manner of distribution to be fair to the class members, the disparity in the percentage of reduction between employees based upon the amount of time they worked raises a concern regarding whether the settlement is being distributed fairly to all members of subclass B or unfairly favors class members with employment longevity.

Therefore, the Court shall require supplemental briefing addressing the fairness of the proposed reductions to the subclass B members.

Cy Pres Beneficiary:

In the April 8, 2016 order granting preliminary approval of the class action settlement, the

Court expressed concern regarding the appropriateness of the designated cy pres beneficiary, Firebaugh-Las Deltas Unified School District. Cy pres distribution allows the distribution of unclaimed funds to indirectly benefit the entire class. <u>Six Mexican Workers v. Arizona Citrus Growers</u>, 904 F.2d 1301, 1305 (9th Cir. 1990). This requires the cy pres award to qualify as "the next best distribution" to giving the funds directly to the class members. <u>Dennis v. Kellogg Co.</u>, 697 F.3d 858, 865 (9th Cir. 2012). "Not just any worthy charity will qualify as an appropriate cy pres beneficiary[,]" there must be "a driving nexus between the plaintiff class and the cy pres beneficiary." <u>Dennis</u>, 697 F.3d at 865 (quoting <u>Nachshin v. AOL, LLC</u>, 663 F.3d 1034, (9th Cir. 2011)). "A cy pres award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members and must not benefit a group too remote from the plaintiff class." <u>Dennis</u>, 697 F.3d at 865 (internal punctuation and citations omitted).

The purpose of the statutes at issue here are to compensate employees for the actions of the employer and to deter future violations. See <u>Smith v. Superior Court</u>, 39 Cal.4th 77, 92 (2006) ("The plain purpose of sections 201 and 203 is to compel the immediate payment of earned wages upon a discharge."); <u>Brinker Rest. Corp. v. Superior Court</u>, 53 Cal.4th 1004, 1036-37 (2012) (duty imposed by enacting section 512 was to ensure that employees receive an uninterrupted thirty minute meal break); <u>Kenny v. Supercuts, Inc.</u>, 252 F.R.D. 641, 642 (N.D. Cal. 2008) (Labor Code section 226.7 requires employer to pay one additional hour of pay at the employee's regular rate of compensation for each day that a meal or rest period is not provided); <u>Iskanian v. CLS Transp. Los Angeles, LLC</u>, 59 Cal.4th 348, 383 (2014) cert. denied, 135 S. Ct. 1155 (2015) ("the Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the Labor and Workforce Development Agency by empowering employees to enforce the Labor Code as representatives of the Agency").

The Court previously found that:

> The purpose of the statutes at issue here are to ensure that employees receive the pay and breaks they are entitled to receive. While some of the class members may live in the Firebaugh-Las Deltas Unified School District, and may have children that attend the school district, there is no reasonable certainty that any class member would benefit from the distribution of funds to the school district. Therefore, the Court would be required to monitor the distribution to ensure that

> the funds benefited the purpose of the statute and the silent class members. Six American Workers, 904 F.2d at 1308. When requesting final approval of the class action settlement the parties will need to establish the appropriateness of the cy pres beneficiary.

(ECF No. 76 at 17:24-18:7.) The parties were informed that in seeking final approval they would be required to address the cy pres beneficiary and establish a driving nexus between the chosen beneficiary and the class. (Id. at 18:5-9.) Further, the parties were required to show "that the chosen beneficiary would adequately represent the interests of the silent class members." (Id. at 18:9-10.)

In the motion for final approval, the parties have not addressed the appropriateness of the cy pres beneficiary but state they are willing to discuss an alternative method of distribution based on the concerns raised by the Court. (ECF No. 80 at 11:27-13:3.) It is not for the Court to establish the manner of distribution, but for the parties to set forth the requested manner of distribution for approval by the Court. Here, the Court has expressed concern regarding the appropriateness of the designated beneficiary. The parties may seek to establish that Firebaugh-Las Deltas Unified School District is an appropriate beneficiary or may choose a different beneficiary that meets the nexus requirement and adequately represents the interests of the silent class members. The Court will require the parties to supplement their brief to address the manner of distribution of the unclaimed funds prior to the final fairness hearing.

Motion for Attorney Fees and Costs:

Plaintiffs have also submitted a motion seeking attorney fees and costs. While Plaintiffs have provided a declaration stating the number of hours which were spent on this action which generally states the tasks that were completed, Plaintiffs have provided no evidence by which the Court can determine if the costs sought are reasonable. Plaintiffs are seeking $30,000.00 in costs and the Court will require Plaintiffs to present documentation regarding the costs incurred in this action to substantiate this amount. Specifically, the Court is concerned that over $10,000.00 for costs are claimed for staff which is too generic to determine if these are awardable costs in this action. Plaintiff shall submit, at a minimum, a list of the costs requested and explanation sufficient for the Court to determine if the costs are reasonable and recoverable in this action.

Based on the foregoing, IT IS HEREBY ORDERED THAT the parties shall file supplemental briefing addressing the distribution of funds to subclass B, the manner of distribution of the unclaimed settlement funds, and the costs for which recovery is sought on or before August 5, 2016.

IT IS SO ORDERED.

Dated:  **August 1, 2016**

UNITED STATES MAGISTRATE JUDGE